IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL WALKER, | § | |
| | § | No. 324, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1511009579 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 20, 2016
Decided: January 3, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 3rd day of January 2017, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) In June 2016, the defendant-appellant, Michael J. Walker, was convicted following a Superior Court bench trial of Possession of a Firearm by a Person Prohibited ("PFPP"). The Superior Court sentenced Walker to fifteen years at Level V incarceration, to be suspended after serving a minimum mandatory term of five years in prison for decreasing levels of supervision. This is Walker's direct appeal.

(2) Walker's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Walker's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Walker's attorney informed him of the provisions of Rule 26(c) and provided Walker with a copy of the motion to withdraw and the accompanying brief. Walker also was informed of his right to supplement his attorney's presentation.

(3) In response to his counsel's Rule 26(c) brief, Walker submitted two points for the Court's consideration. First, he contends that the gun should not have been admitted into evidence because the State failed to establish a continuing chain of custody. Second, he asserts that there was missing or tainted evidence because the officer who recovered the gun testified at trial that the gun she retrieved contained nine bullets (one in the chamber and eight in the magazine), however, the evidence envelope at trial contained the gun, magazine, and only eight bullets. Walker contends that the missing bullet tainted the gun evidence, rendering all of the evidence in the envelope inadmissible.

(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel

2

has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5)   The State's evidence at trial fairly established the following version of events.  On September 9, 2015, at approximately 1:45 A.M., Dover police were investigating a single vehicle collision near the Dover Country Club Apartments.  The police officer who arrived on the scene observed Walker pacing beside the crashed vehicle.  As the officer approached him, Walker fled.  During the ensuing foot chase, Walker ran to the nearby apartment complex.  The officer lost sight of Walker several times before eventually apprehending him in the stairwell of Building B.

(6)   Several hours later, an employee of the apartment complex found a handgun behind a trash dumpster at Building F.  The dumpster was located along the path of the earlier foot chase.  Using a metal trash picker, the employee retrieved the weapon without touching it, put it in a bucket, and returned to the management office.  The manager called the Dover police.  Officer Nicolosi came to retrieve the weapon.  She disarmed it, took it back to the police station, and logged it into the police evidence locker.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

3

Another officer later retrieved the gun from the evidence locker and conducted forensic testing, which revealed a latent fingerprint on the weapon. It was later established that the fingerprint came from Walker. At trial, Officer Nicolosi identified the weapon as the one she retrieved from the apartment. The gun, its magazine, and bullets were admitted into evidence without objection.

(7) Walker's first argument on appeal is that the State failed to establish a sufficient chain of custody for the gun. Walker failed to raise any objection to the admission of the gun at trial. Thus, we review his claim on appeal for plain error.[2] Plain error exists when the error complained of is apparent on the face of the record and is so prejudicial to a defendant's substantial rights as to jeopardize the integrity and fairness of the trial.[3]

(8) Delaware Rule of Evidence 901(a) states that, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[4] The State may authenticate evidence either by having a witness identify the item as that which was actually involved in the crime or by establishing a chain of custody for the

[2] *Guy v. State*, 913 A.2d 558, 564 (Del. 2006).

[3] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[4] D.R.E. 901(a) (2016).

4

item to ensure the identity and integrity of the evidence by tracing its whereabouts.[5] The authentication requirement is "lenient"[6] and only requires the State to eliminate the possibility of misidentification or adulteration as a matter of reasonable probability.[7]

(9)  In this case, the State presented evidence that the gun was found by an employee of the apartment complex where Walker was arrested. The employee stated that he did not touch the gun with his hands and that he turned the gun over to the manager, who then called police. Officer Nicolosi testified that she retrieved the gun from the manager. She made the weapon safe by emptying the round in the chamber and removing the magazine. She placed these items in a bag. Upon returning to the police station, she placed the bag in an evidence locker. Another officer testified to retrieving the bag from the evidence locker and conducting tests on the evidence. Both officers identified the gun at trial as the one that had been placed into and retrieved from the police evidence locker. Under these circumstances, we find no plain error in the admission of the gun into evidence at trial.

(10)  Walker's second claim on appeal relates to Officer Nicolosi's testimony at trial that the gun she retrieved contained nine bullets (one in the

---

[5] *Guinn v. State*, 841 A.2d 1239, 1241 (Del. 2004).

[6] *Whitfield v. State*, 524 A.2d 13, 16 (Del. 1987).

[7] *Tricoche v. State*, 525 A.2d 151, 153 (Del. 1987).

chamber and eight in the magazine), which were logged into the police evidence locker along with the gun. Only eight bullets were admitted with the gun into evidence at trial, however. Walker contends that the missing bullet rendered both the gun and the fingerprint retrieved from the gun inadmissible.

(11) We disagree. Any discrepancies between the description of the evidence logged into the police locker and the evidence admitted at trial goes to the weight to be afforded to the evidence and not to its admissibility.[8] In this case, there was sufficient evidence for the judge, sitting as the trier of fact, to conclude beyond a reasonable doubt that the gun found within hours after Walker's flight from the police, containing his fingerprint, had been recently possessed by Walker and that Walker, because of his prior record, was a person prohibited from possessing a gun.

(12) This Court has reviewed the record carefully and has concluded that Walker's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Walker's counsel has made a conscientious effort to examine the record and the law and has properly determined that Walker could not raise a meritorious claim in this appeal.

---

[8] *Demby v. State*, 695 A.2d 1127, 1132 (Del. 1997).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice